*L. M. Hazelipp, for appellants.*

---

### ROBERT A. HOLLIS *v.* OWENSBORO SAVINGS BANK, ET AL.

**Judicial Sale of Real Estate.**

> The fact that a judgment under which land has been sold is afterward reversed will not affect the title of a purchaser at such sale.

**Irregularity in Judicial Sale.**

> When there is such an irregularity in a judicial sale of real estate that it ought to have been set aside, even though the judgment of sale was valid, and the irregularity appears on the record, the order confirming the sale may be reversed without the judgment being reversed.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### February 12, 1880.

OPINION BY JUDGE COFER:

The mere fact that a judgment under which land has been sold

is afterward reversed by this court will not affect the title of the purchaser. *Yocum v. Foreman,* 14 Bush 494. But when there has been such irregularity in the sale that it ought to have been set aside, even though there had been no error in the judgment, and that irregularity appears on the record, the order confirming the sale may be reversed whether the judgment under which it was made is reversed or not.

The master's report of the sale showed upon its face that he had sold the land to raise $20 more than the judgment authorized. That was an irregularity for which the sale should have been set aside without exceptions by any one, and the order confirming the sale was therefore erroneous.

Judgment *reversed* and cause remanded with directions to set aside the sale, and for further proper proceedings.

*Riley, Jolly & Walker, for appellant.*

*Owen & Ellis, for appellees.*